WESTERN ELECTRIC COMPANY, INCORPORATED,

*v.*

JERSEY SHORE REALTY COMPANY.

[Decided October 28th, 1921.]

The first paper in a suit in chancery (bill, petition or answer, &c.) must be endorsed with the office address in this state of the solicitor (or residence of the party, where he appears for himself), and, while no endorsement of address is necessary on any subsequent paper, it may, nevertheless, be made, and if made in a cause in which a solicitor is concerned, it must be his office address in this state, which may be supplemented by an office address out of the state.

On motion for order of reference.

*Mr. George Edward Quigley,* for the motion.

WALKER, CHANCELLOR.

A draft of an order of reference in blank to a vice-chancellor has been handed to me by the solicitor of the complainant, with consent thereunder written by the solicitors of the defendant. It is endorsed: "George Edward Quigley, Solicitor for Complainant, Office & P. O. Address 195 Broadway, Borough of Manhattan, New York City." This is irregular. Rule 42 of this court provides, *inter alia:*

"The solicitor of any complainant or petitioner shall append to his name endorsed on the bill or petition a statement of his office address in this state. * * * The solicitor of any defendant shall append to his name endorsed on the first paper filed by him in the case a statement of his office address in this state."

Thus it appears that it is unnecessary for a solicitor, after the filing of the first paper in a cause, to endorse his office address upon subsequent ones. It is, however, quite usual to endorse all papers with not only the name but the office address of the solicitor. Now, if a solicitor of this court, who has an office in another state, desires for any reason to endorse his address in that state upon a paper filed in this court, he may do so if he first endorses his New Jersey office address upon the paper. Thus, the endorsement on the order before me might have been: "George Edward Quigley, Solicitor for Complainant, 543 Fulton Street, Union Hill, New Jersey, also office and post office address 195 Broadway, Borough of Manhattan, New York City."

An examination of the bill filed in this cause discloses the fact that complainant's solicitor properly endorsed it with his address in this state. One reason, at least, for requiring the New Jersey address of a solicitor to be endorsed upon certain papers filed in this court is, that the adversary party or his solicitor may be informed where *in this state* notices may be served upon the other side, and he is not required to make service out of the state. Not only is a party entitled to know whom to serve (*In re Stewart, 85 N. J. Eq. 3*), but also where to make service.

The rule must be adhered to, and the first paper (bill, petition or answer, &c.) must be endorsed with the office address in this state of the solicitor, and, while no endorsement of address is necessary on any subsequent paper, it may, nevertheless, be made, and if made, must be the office address in. this state, which, as above stated, may be supplemented by an address out of the state.

Where a party appears for himself he must endorse his residence on the first paper at least. This is also a requirement of the rule.